IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| CONRAD FRANKLIN WHITE, | : | **REPORT AND** |
| | : | **RECOMMENDATION** |
| Plaintiff, | : | |
| | : | |
| vs. | : | Case No. 2:06CV00043 |
| | : | |
| PEAK ALARM AND JERRY HOWE, | : | Judge Dale A. Kimball |
| | : | |
| Defendants. | : | Magistrate Judge David Nuffer |

This case was referred to Magistrate Judge David Nuffer pursuant to 28 U.S.C. § 636(1)(B). The undersigned was directed to manage the case, receive all motions, hear oral arguments, conduct evidentiary hearings as deemed appropriate and submit to the District Judge a report and recommendation for the proper resolution of dispositive matters presented. This report deals with Defendant Jerry Howe's Motion to Dismiss, docket no. 3, filed on February 13, 2006.

**NATURE OF THE CASE**

On or about January 13, 2006, Plaintiff filed a Complaint under Title VII of the Civil Rights Act of 1964 against Defendant Peak Alarm, his former employer, and Defendant Jerry Howe, Peak Alarm's President. Plaintiff alleges that he suffered employment discrimination because of his disability.

731294v1

## MOTION PRESENTED

Defendant Jerry Howe brought a Motion to Dismiss on the grounds that Plaintiff cannot legally assert a disability discrimination claim against his former employer's President.

## BACKGROUND

Defendant Peak Alarm employed Plaintiff as a security guard. Defendant Jerry Howe is Peak Alarm's President. Defendant Peak Alarm terminated Plaintiff in 2003. Plaintiff now brings this action alleging that Defendants' discriminated against him on the basis of his disability. Pursuant to Title VII of the Civil Rights Act of 1964, Plaintiff seeks to impose liability both on his former employer, Peak Alarm, and its President, Defendant Howe.

## DISCUSSION

It is well established that Title VII imposes liability only on employers, not individual supervisors. In *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993), the Tenth Circuit held that under Title VII, "suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate." This is because the "relief granted under Title VII is against the employer, not the individual employee whose actions would constitute a violation of the Act." *Id.* (citations and quotations omitted); *see also Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir. 1996) (under Title VII, "liability is appropriately borne by employers, not individual supervisors."); *see also Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994) ("Title VII applies only to an employer").

The rule against imposing liability on individual supervisors also applies to claims brought under the Americans With Disabilities Act ("ADA"). *See Butler v. City of Prairie Village*, 172 F.3d 736, 743-744 (10th Cir. 1999). Thus, the ADA does not allow suits against

individuals in their personal capacity, only claims against employers.  *Id.*  Accordingly, each of Plaintiff's claims against Defendant Howe should be dismissed with prejudice.

### **RECOMMENDATION**

IT IS RECOMMENDED that DEFENDANT HOWE'S MOTION TO DISMISS, docket no. 3, filed on February 13, 2006, be GRANTED.

Within ten (10) days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

Dated this the _11th_ day of _April_, 2006.

_____
David Nuffer
United States Magistrate Judge